339 So.2d 226 (1976)
BERT ROGERS SCHOOLS OF REAL ESTATE, Petitioner,
v.
FLORIDA REAL ESTATE COMMISSION, Respondent.
No. 76-418.
District Court of Appeal of Florida, Fourth District.
July 2, 1976.
On Rehearing November 5, 1976.
*227 Cynthia S. Tunnicliff of the Law Office of Sam Spector, Tallahassee, for petitioner.
Howard Hadley, Winter Park, for respondent.
PER CURIAM.
Certiorari denied.
CROSS and MAGER, JJ., concur.
WALDEN, C.J., dissents, with opinion.
WALDEN, Chief Judge (dissenting):
I respectfully dissent. It is my view that Petitioner was entitled to a hearing under Fla. Stat. 120.57 and that this is the clear intendment of the Administrative Procedures Act.
I would grant the Petition for Certiorari.

ON PETITION FOR REHEARING
DOWNEY, Judge.
Petitioner Bert Rodgers Schools of Real Estate seeks review by certiorari of the Florida Real Estate Commission's action in amending Rules 21V-301 through 21V-307 of the Florida Administrative Code.
Pursuant to Section 120.54(1), Florida Statutes (1975), the respondent gave notice of its intention to amend the aforesaid rules. In accordance with Section 120.54(2), petitioner requested an opportunity to be heard concerning said proposed amendments. In addition, petitioner asserted that its substantial interests would be affected in the proceedings and requested that it be afforded a hearing pursuant to Section 120.57, Florida Statutes (1975).
On December 22, 1975, the respondent held the hearing required by Section 120.54 (2). Petitioner appeared and again requested that it be afforded a full hearing as authorized by Section 120.57. The pertinent portion of the transcript of the December 22nd hearing demonstrates that the respondent never exercised the discretion which Section 120.57 affords it to determine whether the Section 120.54 hearing was adequate to protect petitioner's interests. Petitioner timely asserted that its "substantial interests" would be affected in the proceedings, but respondent never permitted petitioner to demonstrate that the December 22nd hearing held pursuant to *228 Section 120.54(2) was not adequate to protect those interests.
Respondent represents that the purpose of the December 22nd hearing was to allow "affected persons" to give "input" to the commission relative to the proposed amendment to the rules. As such it was evident that there was neither time nor opportunity for an extended evidentiary hearing as contemplated by Section 120.57. In addition, it seems apparent that everyone involved was somewhat in doubt as to the correct procedure to follow under the circumstances. We do not say this critically because these waters are unchartered and only time and experience will enable those dealing with the Administrative Procedure Act to know with any degree of certitude the proper application of its legislative directives. Nevertheless because petitioner (in effect) asserted that the Section 120.54 (2) input hearing would not be sufficient to protect its substantial interests, petitioner was entitled to have the Commission exercise its discretion and make an express determination as to whether the input hearing was adequate to protect the interests asserted.
If it can be argued that respondent did exercise its discretion and implicitly denied petitioner a Section 120.57 hearing, then we think such a denial was a clear abuse of discretion. The only matters the respondent had before it upon which a denial could have been based (since the commission declined to hear any testimony or argument from petitioner on December 22, 1975) were letters petitioner had sent respondent. Those letters set forth the interests petitioner asserted were substantial. The letters also contained assertions that petitioner's "substantial interests" would not be adequately protected by a Section 120.54(2) hearing and specifically requested a Section 120.57 hearing, setting forth the issues petitioner wished to present at such a hearing. Without anything to refute these matters, a conclusion that petitioner had failed to demonstrate that the Section 120.54(2) proceedings of December 22nd were inadequate to protect its interests is not supported by the record and is thus arbitrary.
Accordingly, having granted petition for rehearing, we now grant the petition for writ of certiorari, and upon authority of Section 120.68(13), we remand the cause with directions to grant petitioner a hearing as authorized by Section 120.57, Florida Statutes (1975).
ALDERMAN, J., and DANAHY, PAUL W., Jr., Associate Judge, concur.